UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
September 03, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: PGC
DEPUTY

| | | |
|---|---|---|
| ROBERT HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 5:25-CV-01231-MA |
| | § | |
| STRUCTSURE PROJECTS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**OPINION AND ORDER**

The Court now considers Defendant Structsure Projects, Inc.'s "Motion to Strike Designation of Experts for Failure to Timely Designate with Reports;"[1] Plaintiff Robert Hernandez's "Response to Defendant's Motion to Strike Plaintiff's Experts and Opopposed [sic] Emergency Motion for Continuance and Motion to Extend Scheduling Order Deadlines;"[2] and Defendant's reply.[3] After considering the motion, response, reply, record, and relevant legal authorities, the Court **GRANTS** Defendant's Motion[4] and **DENIES** Plaintiff's Motion[5] for the reasons stated below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is a discovery dispute arising from a personal injury case that commenced on September 30, 2025. On January 13, 2026, this Court entered its initial Scheduling Order,[6] which

---

[1] Dkt. No. 22.
[2] Dkt. No. 23.
[3] Dkt. No. 25.
[4] Dkt. No. 22.
[5] Dkt. No. 23. Plaintiff has styled its motion as a Motion for Continuance and Motion to Extend Scheduling Order Deadlines. As Plaintiff does not refer to two separate motions other than in the title of its response, the Court will refer to them as a singular "Plaintiff's Motion for Continuance" hereafter.
[6] Dkt. No. 10.

set the "deadline for Plaintiff to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2)," for March 4, 2026.[7] On February 4th, Plaintiff timely submitted his first unopposed motion[8] to extend the Court's initial deadlines. In that motion, Plaintiff blamed the withdrawal and substitution of defense counsel for the failure to engage in meaningful discovery and thus Plaintiff's inability to designate experts.[9] Because the motion was unopposed, on February 5th, the Court granted the motion,[10] pushing the Court's initial deadline schedule sixty (60) days forward and extending Plaintiff's expert designation deadline to May 4th.[11] On May 18th, after the deadline for designation had passed, Plaintiff motioned, unopposed, to extend the deadlines by ninety (90) more days.[12] Plaintiff cited a busy work schedule and family commitments as the basis for again not engaging in timely meaningful discovery necessary prior to taking depositions.[13] The Court granted the motion, as it was unopposed, pushing Plaintiff's new expert designation deadline to August 7th.[14] However, the Court cautioned Plaintiff's counsel that the Court would be "unlikely to grant additional extensions absent extraordinary circumstances," and that it expected counsel to exercise greater diligence in meeting deadlines thereafter.[15]

On June 12th, Plaintiff provided Defendant with a blank Notice of Intention to take Structure's corporate representative's deposition.[16] An accompanying letter requested dates and a name for the proposed deposition.[17] On June 18th, Defense counsel responded asking if a

---

[7] Dkt. No. 10, at 2.
[8] Dkt. No. 13.
[9] Dkt. No. 13, at 3–4 ¶ 2.2.
[10] Dkt. No. 13.
[11] Dkt. No. 14.
[12] Dkt. No. 20.
[13] Dkt. No. 20, at 5–6 ¶ 2.3–2.4.
[14] Dkt. No. 21, at 2.
[15] Dkt. No. 21, at 2.
[16] Dkt. No. 23-1, at 1–13.
[17] Dkt. No. 23-1, at 1.

mediation could be scheduled prior to taking any depositions.[18] At that time, only Plaintiff's depositions had been scheduled but it had been rescheduled once already by Plaintiff.[19] On July 21st, Defense counsel followed up recommending a list of available mediation dates.[20] Then on August 5th, just two days before the deadline, Plaintiff's counsel sought Defense counsel's approval to submit a third unopposed motion to extend the deadlines "given the corporate rep depo and depos of other fact witnesses are essential for our experts to review prior to designation/reports."[21] Defense counsel responded later that day that Defendant could not agree to another unopposed extension, especially in light of the Court's May 19th advisory.[22] Plaintiff's counsel then provided Defendant's counsel with "Plaintiff's Disclosure of Expert Witnesses" ("Disclosures")[23] by e-mail on August 7th, Plaintiff's expert designation and report deadline.[24]

Plaintiff's Disclosures listed four retained expert witnesses, their expected testimony according to Plaintiff, and their professional qualifications: 1) Russ Elveston, an engineer specializing in safety consulting on job sites, who would likely offer testimony about the hazardousness of the job site where Robert Hernandez sustained the alleged injury; 2) Dr. Missak Tchoulkain, a physician, Board Certified in Psychiatry and Neurology, who would likely testify as to the severity of Robert Hernandez's alleged injury; 3) Dr. Keith WM Fairchild, a PhD in finance, who would likely testify as to past and future damages incurred by Robert Hernandez; and 4) Dr. Brandon J. Goff, a Certified Life Care Planner, who would also likely testify as to past and future damages.[25] Dr. Missak Tchoulkain's disclosure also contained medical records that list Robert

[18] Dkt. No. 22-3, at 2.
[19] Dkt. No. 22-4, at 4–6.
[20] Dkt. No. 22-3, at 3–4.
[21] Dkt. No. 22-3, at 3.
[22] Dkt. No. 23-3, at 1.
[23] Dkt. No. 23-4.
[24] Dkt. No. 23-4.
[25] Dkt. No. 23-4.

Hernandez as the patient, but the Disclosures provided no reports from the experts themselves, as to their opinions.[26]

On August 12th, Defendant filed the instant motion,[27] requesting the Court strike Plaintiff's experts as the Disclosures failed to comply with Rule 16(b) and 26(a)(2), or alternatively, sanction Plaintiff for Defendant's attorney's fees.[28] On August 13th, Plaintiff submitted his response,[29] which included a request that the Court not strike Plaintiff's disclosed experts and his motion to extend the expert designation deadline for a third time.[30]

## II. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 26 expressly notes that expert witness(es) must be disclosed in accordance with the court's scheduled deadlines.[31] Rule 26(a) also states that parties are not only required to disclose their expected expert witnesses to the opposing party in accordance with those deadlines, but also that "unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—*prepared and signed by the witness*—if the witness is one retained…"[32] Further, each "[expert's] report must contain…a complete statement of all opinions the witnesses will express and the basis and reasons for them[.]"[33] Additionally, Rule 26(a)(2)(C) specifically notes that more general disclosures that omit reports from the experts themselves will only suffice when the court has expressly permitted it, or when

[26] Dkt. No. 23-4.
[27] Dkt. No. 22.
[28] Dkt. No. 22, at 6–7.
[29] Dkt. No. 23.
[30] Dkt. No. 23.
[31] Fed. R. Civ. P. 26(a)(2)(D).
[32] Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).
[33] *Id.*

the witnesses being disclosed are not required to write a written report by Rule 26(a)(2)(B).[34] Should a party wish to extend a discovery deadline by requesting the court modify its scheduling order, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."[35] Rule 16 also permits the court to impose Rule 37 sanctions when parties disobey those scheduling orders.[36] Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."[37]

In the Fifth Circuit, district courts possess broad discretion in discovery matters, and district court rulings on discovery matters only merit reversal in "unusual and exceptional" cases.[38] Fifth Circuit courts use a four-factor balancing test to determine whether a district court striking a party's designation of expert witnesses pursuant to Rule 37 was proper.[39] The four-factor test balances the following: "1) the importance of the witnesses' testimony; 2) the prejudice to the opposing party of allowing the witnesses to testify; 3) the possibility of curing such prejudice by granting a continuance; and 4) the explanation, if any, for the party's failure to comply with the discovery order."[40]

---

[34] FED R. CIV. P. 26(A)(2)(C). Such disclosures need only include "(i) the subject matter on which the witness is expected to present evidence…and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Id.*
[35] FED R. CIV. P. 16(B)(4).
[36] *See* FED. R. CIV. P. 16(F).
[37] FED. R. CIV. P. 37(C)(1).
[38] *Winfun v. Daimler Chrysler Corp.*, 255 Fed. App'x 772, 773 (5th Cir. 2007) (quoting *Sierra Club*, 73 F.3d at 569).
[39] *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir 2008).
[40] *Id.*

**B. Analysis**

It is facially apparent, and the parties do not dispute, that Plaintiff failed to comply with Rule 26(a)(2)(B) by not including reports that were written and signed by its experts in the Disclosures. The parties disagree as to whether Rule 37 sanctions should apply when, as is the case here, the expert witness disclosures are deficient, but not untimely. Each party presents their arguments in terms of the Fifth Circuit's four-factor test.

*1. Parties' Arguments*

Defendant's explanation first notes that while the experts may be important to Plaintiff's case, that importance does not undermine the importance of following the Court's scheduling orders and Rule 26(a).[41] With regard to prejudice caused by the deficiency, Defendant asserts that "Plaintiff's request to supplement these four expert reports prejudices Defendant who must make expert designations with reports by September 7, 2026."[42] With regard to whether a continuance may cure prejudice to Plaintiff, Defendant argues that Fifth Circuit precedent from *Geiserman v. MacDonald* and *Betzel v. State Farm Lloyds* supports the position that the Court granting a continuance in order to accommodate Plaintiff's failure to comply with Rule 26(a)(2)(B) would constitute an improper and overly prejudicial delay given the number of previous extensions.[43] Defendant further asserts that Plaintiff has given "no reason for the delay of the reports of three experts,"[44] and that with the regard to the fourth expert, "[Defendant's counsel] made reasonable efforts to confer on the proposed topics sent over . . . but with no response from Plaintiff [sic] counsel until August 5 when [Plaintiff's counsel] asked for an extension[.]"[45]

---

[41] Dkt. No. 22, at 5 ¶¶ 14–15.
[42] Dkt. No. 22, at 5 ¶¶15–16.
[43] Dkt. No. 22, at 5–6 ¶17.
[44] Dkt. No. 22, at 6 ¶ 18.
[45] Dkt. No. 22, at 6 ¶ 19.

Plaintiff also relies on precedent from *Betzel* to bolster its assertion that Rule 37 sanctions are too extreme in this case. Regarding the importance of the witnesses, Plaintiff states that striking Plaintiff's experts would be improperly "case-dispositive" under *Betzel*.[46] Regarding prejudice to Defendant, Plaintiff contends that "Defendant cannot claim surprise as to the identify [sic] of the experts or the subject matter of their opinions, as such have been disclosed by Plaintiff by the August 7, 2026 deadline,"[47] and alternatively that "[a]ny prejudice [to Defendant] is fully curable [by a continuance] at essentially no cost to Defendant."[48] With regard to the reason Plaintiff's Disclosures failed to comply with the Rules and scheduling orders, Plaintiff states that some of its experts have not yet been able to evaluate Plaintiff, and that "Plaintiff acted transparently and the raised the issue with defense counsel before the deadline and served the designation by the deadline with full disclosure that leave would be sought to supplement the reports."[49]

*2. Defendant's Motion to Strike*

Turning now to the Fifth Circuit's four-factor test, the Court first considers the importance of Plaintiff's experts to his case. This is a personal injury case arising from a work site accident. Generally, liability in such a case may be proven without expert testimony. Only one of Plaintiff's experts has been identified on the issue of causation. Even damages, both property and personal, may sometimes be proven without expert testimony. While expert testimony may sometimes be necessary, the lack of experts is not an automatic death penalty sanction.[50] Additionally, the Court

---

[46] Dkt. No. 23, at 5 ¶ 2.4.
[47] Dkt. No. 23, at 6 ¶ 2.5.
[48] Dkt. No. 23, at 3–4 ¶¶ 1.10.
[49] Dkt. No. 23, at 4–5 ¶ 2.3.
[50] *See Harmon v. Georgia Gulf Lake Charles LLC*, 476 Fed. App'x 31, 36 (5th Cir. 2012) (reasoning that the District Court did not abuse its discretion in excluding an improperly disclosed expert because medical records and non-expert testimony were available to address plaintiff's injuries in workplace personal injury suit); *Sierra Club*, 73 F.3d 546, at 573 (concluding that the district court had not abused its discretion in striking experts due to the party's "failure to adhere to discovery deadlines and the fact that the expected testimony ultimately proved to be relatively unimportant").

notes that the Fifth Circuit has made clear that the relative importance of improperly disclosed experts to a *plaintiff's* case does not override the importance of the *plaintiff's* adherence to discovery deadlines, in terms of Rule 37 sanctions.[51] Here, the Court extended the deadline twice, yet Plaintiff's Disclosures plainly did not adhere to the Court's scheduling order deadline that explicitly required Plaintiff to "provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2)."[52]

In terms of prejudice to Defendant, should the experts not be excluded, the Court is not persuaded by Plaintiff's argument that "Defendant cannot claim surprise as to the identify [sic] of the experts or the subject matter of their opinions."[53] Lack of surprise is not dispositive of the factor.[54] As Defendant duly asserts in its motion and reply, the e-mail communications between the parties show no evidence prior to Plaintiff's Disclosures indicating that Plaintiff intended to include a life care planner, economist, or neurologist as experts.[55] Should Plaintiff's disclosed experts be permitted, Defendant would now be required to seek rebuttal experts of its own in each of these fields.

As the curability of prejudice to the Defendant by granting a continuance, the Court recognizes that a continuance may allow Defendant extra time to designate its own rebuttal witnesses. However, continuances are disfavored when sanctions are necessary to deter a party's

---

[51] *See, e.g.*, *Newsome v. International Paper Co.*, 123 F.4th 754, 767 (5th Cir. 2024) ("[The Fifth Circuit has] criticized *Betzel* as inconsistent with longstanding Fifth Circuit precedent and our rule of orderliness…where an expert is crucial to the plaintiff's case, it 'only underscores the importance of plaintiffs' compliance with the court's deadlines.'") (quoting *Stewart v. Gruber*, No. 23-30129, 2023 WL 8643633 at *4–5 (5th Cir., Dec. 14, 2023)).
[52] Dkt. No. 21, at 2.
[53] Dkt. No. 23, at 6 ¶ 2.5.
[54] *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (noting that "the trial court has latitude to control discovery abuses and cure prejudice by excluding improperly designated evidence," no matter the "degree" of unfair surprise that is claimed by the prejudiced party).
[55] Dkt. No. 24, at 1–2 ¶¶ 2–4.

persistent untimeliness, especially when the Court has previously emphasized the importance of maintaining an orderly discovery schedule, as is the case here.[56]

As to the fourth factor, Plaintiff responds that "depositions and documents are still needed . . . Plaintiff Robert Hernandedz is being personally evaluated by Plaintiff's lifecare planner expert . . . and Plaintiff's expert Keith Fairchild will need to review the completed lifecare planner before rendering opinions."[57] This is the obvious status of this case but does not explain the failure to accomplish this discovery in a timely manner. Perhaps Defendant's corporate representative may provide some information useful to Russ Elveston, Plaintiff's proposed causation expert, but there is no indication that Defendant's corporate representative has any firsthand knowledge of the accident that made the basis for this suit. Plaintiff provides no explanation why Plaintiff's medical experts could not provide their reports without the corporate representative's deposition.[58] After examining the record and communications between the parties regarding both the deposition and expert disclosures—and especially given Plaintiff's history of last-minute extensions—the Court finds Plaintiff's explanations insufficient to weigh the fourth factor in favor of Plaintiff.

In sum, the Court finds that only one of the four factors—curability of prejudice through an extension—*might* weigh in favor of the Plaintiff here. Accordingly, after applying the Fifth Circuit's four-factor balancing test to the facts and procedural history above, the Court finds that

---

[56] *See Newsome,* 123 F.4th at 768 (reasoning that "the significant delay and lackluster explanation for that delay," caused by a party's behavior during discovery, meant a continuance would be insufficient compared to excluding testimony entirely); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) ("Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance."); *Sierra Club, at 573* ("While a continuance would have given [defendant] more time to review the late disclosures, such a measure 'would neither punish [plaintiff] for its conduct nor deter similar behavior in the future.'") (quoting *Bradley v. U.S.*, 866 F.2d 120, 126 (5th Cir. 1989)); *Geiserman*, 893 F.2d at 792 ("A continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders[.]") (citing *Bradley*, 866 F.2d at 126).
[57] Dkt. No. 23, at 4 ¶ 2.3.
[58] Dkt. No. 23.

Plaintiff's noncompliant expert disclosure submission was neither "substantially justified" nor "harmless," and should thus be stricken pursuant to Rule 37(c)(1).

### 3. *Plaintiff's Motion for Continuance*

Per the Court's cautionary notice in its May 19th order, the Court will not grant Plaintiff a third extension absent extraordinary circumstances. As the record indicates that communication remained reasonably constant between the parties up until the deadline for Plaintiff's expert disclosures, the Court finds that Plaintiff has failed to show good cause, much less extraordinary circumstances, for a continuance or modification of the scheduling order deadlines for the Plaintiff's benefit at this point in the case.

Accordingly, for the reasons stated above, Plaintiff's Emergency Motion for Continuance and Motion to Extend Scheduling Order Deadlines is **DENIED**, and Defendant's Motion to Strike Designation of Experts for Failure to Timely Designate with Reports is **GRANTED**. The opinions and testimony of the challenged expert witnesses are excluded from consideration at trial and in connection with any dispositive motion, unless otherwise ordered by the Court. Plaintiff may offer only Dr. Missak Tchoulkain as a fact witness on the limited visit noted in Dr. Tchoulkain's designation, but not as an expert. Nor may Plaintiff introduce evidence or opinion testimony that would circumvent this Order.

IT IS SO ORDERED.

DONE this 3rd day of September, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE