UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
September 03, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: PGC
DEPUTY

| | | |
|---|---|---|
| ROBERT HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 5:25-CV-01231-MA |
| | § | |
| STRUCTURE PROJECTS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**OPINION AND ORDER**

The Court now considers "Plaintiff's Motion to Compel Defendant's Corporate Representative Deposition and Witness Depositions and Request for Oral Hearing,"[1] filed by Plaintiff Robert Hernandez, and Defendant Structure Projects, Inc.'s response.[2] After considering the motion, response, record, and relevant legal authorities, the Court **DENIES** Plaintiff's motion[3] for the reasons stated below.

## I. Procedural and Factual Background

This is a discovery dispute arising from a personal injury case. The parties' communication regarding the instant dispute over Plaintiff's proposed depositions began on June 12, 2026, when Plaintiff's counsel sent Defense counsel "Plaintiff's Notice of Intention to Take the Oral/Video Deposition with Subpoena Duces Tecum, for the Corporate Representative for Defendant Structure Projects, Inc" ("Notice of Intent").[4] Plaintiff's Notice of Intent was not a proper notice as it did not include the names of any past or former employees of Defendant Structure Projects, Inc., but

[1] Dkt. No. 24.
[2] Dkt. No. 26.
[3] Dkt. No. 24.
[4] Dkt. No. 24-1.

proposed several available dates for the deposition of the corporate representative.[5] Defense counsel advised by phone later that week that further conference was needed to discuss the topics of the deposition before dates could be set.[6] Almost two months later, on August 10th, counsel for Plaintiff sent a revised list of topics to Defendant's counsel, offering the dates of August 18th and 19th and September 17th as Plaintiff's availability to depose Defendant's corporate representative.[7] Defendant's counsel responded on August 11th that she would require additional time to examine the revised list of topics.[8] The following day, August 12th, counsel for Defendant communicated to Plaintiff's counsel that the parties would "likely need a hearing about the [corporate representative deposition] topics," and that Defendant would be seeking relief from the Court concerning Plaintiff's expert designations,[9] a separate dispute which the Court has since resolved.

No further communication occurred between counsel before Plaintiff submitted the instant motion[10] on August 14th, requesting the Court compel Defendant to "produce Structure's safety director, quality control manager(s) (Marquis Glick and Adam Coman), superintendent(s), foreman (Jesse Gaytan) and employees present on the jobsite on the date of Plaintiff's injury," as well as Defendant's corporate representative.[11] Counsel for the parties held phone conferences on August 18th and 19th, wherein counsel conferred as to the proposed deposition topics for Defendant's corporate representative.[12] On August 21st, counsel for Defendant submitted the instant response[13] and advised Plaintiff's counsel of deposition availability in the following e-mail:

---

[5] Dkt. No. 24-1.
[6] Dkt. No. 26, at 1 ¶ 2.
[7] Dkt. No. 28-2, at 4.
[8] Dkt. No. 26-5, at 2–3;
[9] Dkt. No. 24-3, at 1.
[10] Dkt. No. 24.
[11] Dkt. No. 24, at 3.
[12] Dkt. No. 26, at 3 ¶ 8.
[13] Dkt. No. 26.

Good afternoon,

I am still waiting to hear back from my client, but my conflict on Sept. 17 has resolved. I know that is a date you indicated you are available. Can you please hold that day for depositions in this case? I am hoping to hear back today from my client, but hopefully we can schedule the deposition of Jesse Gayten and/or the corp rep rep [sic] on that day. Marquis Glick and Adam Coman are no longer employed with Structsure and my client is getting me their contact information.[14]

## II. Discussion

### *A. Motion to Compel Production of Corporate Representative and Employees*

Plaintiff now requests the Court compel Defendant to produce both "[Defendant's] corporate representative for deposition pursuant to Federal Rules [sic] of Civil Procedure 30(b)(6),"[15] and "[Defendant's] safety director, quality control manager(s) (Marquis Glick and Adam Coman), superintendent(s), foreman (Jesse Gaytan) and employees present on the jobsite on the date of Plaintiff's injury."[16] The instant motion[17] does not allege that Defendant, Defendant's counsel, or Defendant's corporate representative or employees failed to comply with Rule 30(b)(6), or any other discovery rule.[18]

Pursuant to Rule 30(b)(1), the Court will not compel production of a deponent when the deposing party has not "give[n] reasonable written notice … stat[ing] the time and place of the deposition."[19] As for Defendant's corporate representative, in both Plaintiff's proposed Notice of Intent *and* Plaintiff's August 10th e-mail proposing revised deposition topics, Plaintiff's counsel merely offered ranges of Plaintiff's counsel's available dates for the deposition, all of which were subject to Defendant's counsel's approval.[20] The Court

[14] Dkt. No. 26-6, at 2.
[15] Dkt. No. 24, at 3.
[16] Dkt. No. 24, at 3 ¶ 2.
[17] Dkt. No. 24.
[18] Dkt. No. 24.
[19] Fed. R. Civ. P. 30(b)(1).
[20] Dkt. Nos. 24; 28-2, at 4.

finds that an exchange of e-mails proposing date ranges that were never mutually agreed upon is facially insufficient to constitute "reasonable notice of a time and place of the deposition" pursuant to Rule 30(b)(1).

Regarding the non-representative employees, there is no indication Plaintiff provided any reasonable notice prior to the instant motion[21] about dates, times, or places as required by Rule 30(b)(1). Additionally, Defendant's undisputed assertion that "[n]othing is, or was, impeding Plaintiff's counsel from simply noticing the depositions if they felt that there was unreasonable delay,"[22] conforms with the record. Plaintiff fields no argument to the contrary, and the Court thus finds Plaintiff's request to compel production of Defendant's non-representative employees unripe and unfounded. It appears to be nothing more than gamesmanship as it was filed just two days after Defendant filed its motion to strike, referenced earlier.

Accordingly, because Plaintiff did not provide proper notice to Defendant under Rule 30(b)(6), and has not accused Defendant, the proposed deponents, or Defendant's counsel of discovery noncompliance with any particularity, the Court summarily denies Plaintiff's requests to compel production of Defendant's corporate representative, or Defendant's other listed employees.

As a final matter, the Court cautions counsel as to the Local Rules governing attorney conduct in the Western District, which state in relevant part: "[a] lawyer should refrain from filing motions to compel or for sanctions unless all reasonable efforts to resolve the dispute with opposing counsel have been exhausted."[23]

---

[21] Dkt. No. 24.
[22] Dkt. No. 26, at 4 ¶ 17.
[23] L.R. AT-4(e).

*B. Plaintiff's Request for an Oral Hearing on Deposition Topics*

Plaintiff also requests "an oral hearing before the Court to rule on Plaintiff's proposed corporate representative deposition topics."[24] In light of Defendant's recent filing, "Structure Projects, Inc.'s Opposed Motion to Quash and Motion for Protective Order And/Or Objections to Topics and Subpoena Duces Tecum,"[25] on September 1st, the Court finds it prudent to allow Plaintiff time to respond to that motion before ruling on Plaintiff's present request to set a hearing.[26]

Accordingly, and for the reasons above, Robert Hernandez's "Plaintiff's Motion to Compel Defendant's Corporate Representative Deposition and Witness Depositions and Request for Oral Hearing"[27] is **DENIED.** The Court will determine whether a hearing on deposition topics for Defendant's corporate representative is necessary pending Plaintiff's response to Defendant Structure Projects, Inc.'s "Opposed Motion to Quash and Motion for Protective Order and/or Objections to Topics and Subpoena Duces Tecum."[28]

IT IS SO ORDERED.

DONE this 3rd day of September, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

[24] Dkt. No. 24, at 3 ¶ 1.
[25] Dkt. No. 28.
[26] Dkt. No. 28.
[27] Dkt. No. 24
[28] Dkt. No. 28.